UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANEEKA WHITE,
Individually and on behalf of
her minor child, K.K.,

    Plaintiffs,

    v.                                                   Case No. 24-CV-1076

WHITEFISH BAY SCHOOL BOARD,
JOHN THOMSEN, AMY LEVEK,
JULIE HENNINGSEN, TIM LEMKE,
MIKE O'CONNOR, and MATT ROSE,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

Shaneeka White, individually and on behalf of her minor child, K.K., sues the Whitefish Bay School Board, former Whitefish Bay School District Superintendent John Thomsen, Whitefish Bay High School Principal Amy Levek, former Whitefish Bay High School Assistant Principal Julie Henningsen, Whitefish Bay School District Director of Pupil Services Tim Lemke, former Whitefish Bay Middle School Principal Matt O'Connor, and Whitefish Bay Middle School Associate Principal Matt Rose, under 42 U.S.C. § 1983 and Wisconsin law. Plaintiffs allege Defendants violated their constitutional rights under the First and Fourteenth Amendments and defamed them in violation of Wisconsin common law.

On December 9, 2024, Defendants filed a motion to dismiss Plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket # 25.) The same day, the defendants filed an expedited non-

dispositive motion to stay discovery. (Docket # 30.) Plaintiffs opposed the motion. (Docket # 31.) On March 14, 2025, the parties filed a joint motion to hold a scheduling conference to address the Defendants' motion to stay discovery. (Docket # 36.) The parties further seek guidance from the Court regarding the case schedule, including whether discovery will be stayed pending disposition of the motion to dismiss and, if not, what the case schedule in this matter will be. (*Id.* ¶ 6.)

After a plaintiff files her complaint, the defendants may either file an answer to the complaint or file a motion to dismiss. If the defendants file an answer, this triggers the clerk's office to set a scheduling conference pursuant to Fed. R. Civ. P. 16(b). If, however, the defendants file a motion to dismiss, it is the general practice in this district for the court to resolve the pending motion prior to holding a scheduling conference. *See Slottke v. State of Wisconsin Dep't of Indus., Lab.*, No. 16-CV-1392, 2017 WL 168901, at *1 (E.D. Wis. Jan. 17, 2017). Fed. R. Civ. P. 26(d) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). While Rule 26(f) provides that the parties must confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held," the general practice in this Court is to require the parties to submit their Rule 26(f) report approximately one week prior to the Rule 16 scheduling conference. In other words, it is generally understood that discovery will not be conducted prior to setting a discovery schedule at the Rule 16 scheduling conference. This practice is prudent because "if the court grants the motion to dismiss, the parties would have wasted time and expense conducting discovery." *Slottke*, 2017 WL 168901, at *1.

Accordingly, discovery will not be conducted in this case until a scheduling conference is held and a scheduling order is set. And a scheduling conference will not be set

until after the currently pending motion to dismiss is resolved. Although I find the motion to stay discovery unnecessary, so the parties are clear, I will grant the motion to stay discovery. (Docket # 30.) The parties' joint motion to hold a scheduling conference (Docket # 36) is denied. The scheduling conference currently set for April 16, 2025, at 2:00 p.m. is removed from the calendar. A scheduling conference will be set, if necessary, after resolution of the pending motion to dismiss the amended complaint.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge